IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-00125-H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DAVID WARD MCLEAN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's August 22, 2011 Motion for Reconsideration [DE-41]. In this motion, Defendant requests that the Court reconsider its August 3, 2011 Order [DE-40] denying his July 29, 2011 Application to Proceed Without Prepayment of Fees and Costs [DE-39]. To that end, Defendant seeks copies of his August 11, 2010 arraignment transcript and February 8, 2011 sentencing transcript and has asked the Court to reconsider its denial of his application to receive these transcripts without paying the copy cost of $200.75. Mot. for Reconsideration at 1 [DE-41].

In support of his original application, Defendant provided a copy of his inmate account record, which reflected a balance of $83.05 as of July 21, 2011. Application Ex. 1 at 1 [DE-39-1]. However, as the Court noted in its order denying Defendant's original application, as recently as June 27, 2011, Defendant's account contained sufficient funds to pay the copy costs and deposits into his account had totaled $911.26 during the six months preceding his original application. August 3, 2011 Order at 1 [DE-40]. With his motion for reconsideration, Defendant has not submitted an updated inmate account record. The only additional information that he has provided on this subject is that the "$911.26 total in his account [was] all needed within this

institution and pertaining to this institution." Mot. for Reconsideration at 2. Accordingly, the Court finds that Defendant continues to have failed to show that he is financially unable to pay for the requested transcripts.

Furthermore, the Court noted in its order denying Defendant's original application that Defendant had not stated the purpose for which he required a copy of his arraignment and sentencing transcripts and that he did not have a proceeding pending, such as a Section 2255 proceeding, such that the Court would be required to provide transcript copies at the Government's expense pursuant to 28 U.S.C. § 753(f). August 6, 2011 Order at 1-2. Therefore, the Court found that Defendant had failed to show the requisite particularized need for the transcripts. *See, e.g., United States v. Frazier*, No. 7:07-CR-00071-F, 2011 WL 52441, at *1 (E.D.N.C. Jan. 6, 2011). In his motion for reconsideration, Defendant states that he needs the transcripts in order to demonstrate "Prosecutorial misconduct, Perjury on the behalf of the victim." Mot. for Reconsideration at 3. In addition, Defendant appears to believe that his defense counsel permitted the Government to "falsely accuse the Defendant of shooting the victim with a sawoff [sic] shotgun," "bring in the victim . . . to testify and commit perjury," and "use Defendant pass [sic] criminal record of 35 years ago to enhance Defendant's sentence." *Id.* at 4. Therefore, for these reasons, Defendant asserts that he requires copies of his arraignment and sentencing transcripts in order to commence a Section 2255 proceeding. *Id.*

The Court does recognize that, in his motion for reconsideration, Defendant has attempted to show the requisite particularized need. However, the Court cannot find that Defendant has sufficiently done so. Defendant still does not have a *pending* Section 2255 proceeding that would entitle him to transcript copies at the Government's expense pursuant to 28 U.S.C. § 753(f). Though he does assert that he wishes to *commence* a Section 2255

proceeding, in order to do so, Defendant will need only to "set forth in summary form the facts" in support of his claims. *See, e.g., United States v. Cheese*, 2000 WL 139806, at *1 (4th Cir. Feb. 4, 2000); *United States v. Gallo*, 1988 WL 60934, at *1 (4th Cir. May 31, 1988). Defendant has not indicated to the Court why he needs the transcripts in order to set forth a simple summary of his claims. Therefore, the Court finds that Defendant continues to have failed to show a particularized need for the transcripts. The Court does note that, once Defendant has commenced a Section 2255 proceeding, discovery may thereafter be available and that if he qualifies for *in forma pauperis* status, he may be eligible to receive copies of the transcripts at the Government's expense at that time.

Accordingly, the Court finds that Defendant continues to have failed to show that he is financially unable to pay for the requested transcripts or to provide any particularized need for them, and, therefore, his Motion for Reconsideration [DE-41] is **DENIED**.

This the 21st day of November, 2011.

DAVID W. DANIEL
United States Magistrate Judge